# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD KHINOO, | CASE NO. 1:11-cv-01322-LJO-SKO |
| Plaintiff, | **ORDER DISMISSING PLAINTIFF'S COMPLAINT AND GRANTING 30 DAYS LEAVE TO AMEND** |
| v. | |
| CITY OF TURLOCK, et al., | |
| Defendants. | |

## I. INTRODUCTION

On August 11, 2011, Plaintiff Donald Khinoo ("Plaintiff") filed this action against Defendants City of Turlock, the Turlock Chief of Police, Officer Timothy Redd, Officer J. Rodriguez, Officer John Powell, Officer Mariah Diaz, Officer J. Baweurn, and the Police Department for the City of Turlock (collectively, "Defendants"). For the reasons set forth below, Plaintiff's complaint is DISMISSED without prejudice and Plaintiff is granted leave to amend.

## II. FACTUAL BACKGROUND

Although the factual assertions are not clearly set forth in Plaintiff's complaint, it appears that on an unspecified date police officers from the City of Turlock, led by Officer Timothy Redd ("Officer Redd"), entered the "Khinoo home." (Doc. 1, ¶ 1.) The Khinoo home appears to be the

home of Plaintiff and his daughter, Shelby Khinoo ("Shelby"), who is not a party to this action.[1] (Doc. 1, ¶ 2.) Purportedly, the police officers were searching for "probationer Fonseca," whom officers claimed lived at the Khinoo home but who allegedly did not reside there.[2] (Doc. 1, ¶¶ 3-5.) Plaintiff claims that the officers lacked reasonable belief for their assertion that probationer Fonseca lived in the Khinoo home, as court records allegedly indicated that Fonseca either resided with his mother in Turlock or with his brother in the Bay Area. (Doc. 1, ¶ 4.)

Plaintiff alleges that the officers did not have a search warrant to enter the Khinoo home. (Doc. 1, ¶ 10.) Officer Redd allegedly testified, during an unspecified hearing in an unspecified court, that Plaintiff's daughter, Shelby, consented to a search of the Khinoo home and escorted officers into the residence. (Doc. 1, ¶ 2.) Shelby allegedly testified that she never granted consent; purportedly she filed a "citizen's complaint" against Officer Redd for "wrongful entry." (Doc. 1, ¶ 2 (emphasis omitted).) Shelby's testimony was allegedly corroborated by Officer Briggs, who purportedly "gave sworn testimony that Shelby did not escort the officers into the Khinoo residence."[3] (Doc. 1, ¶ 6.)

While it is unclear what precisely transpired after the police officers entered the Khinoo residence, it appears that they searched Plaintiff's bedroom. Plaintiff alleges that if the officers "believed Fonseca was a resident of the Khinoo residence, [they] would have chosen to initially enter the bedroom of Shelby Khinoo, but instead Officers immediately upon entry unjustifiably commenced the raid in (nonprobationer) Donald Khinoo's personal bedroom." (Doc. 1, ¶ 56 (emphasis omitted).) Plaintiff does not clearly set forth what took place after police officers searched the Khinoo residence or Plaintiff's bedroom. (*See generally* Doc. 1.)

Plaintiff also randomly includes in his complaint a page of allegations regarding court proceedings in which the Honorable Judge Hurl Johnson of an unspecified court allowed a witness whom he knew was not Officer Redd to testify as Officer Redd. (Doc. 1, p. 22.) Plaintiff further

---

[1] Plaintiff does not clearly establish in his complaint that the "Khinoo home" was also his place of residence, although that is implied in the allegations.

[2] The first name of "probationer Fonseca" is not given within the complaint.

[3] The first name of Officer Briggs is not given within the complaint.

alleges that Judge Johnson had a conflict of interest since he had presided over the Fonseca case and that the Judge had agreed to "step down." (Doc, 1, p. 22.) However, it is not clear what proceedings Plaintiff is referring to in his complaint, and whether these court proceedings were against Fonseca, Plaintiff, or someone else.

Plaintiff's complaint states causes of action for (1) violation of 42 U.S.C. § 1983; (2) negligent supervision, training, and control; (3) conspiracy; (4) abuse of process; (5) doctrine of spoliation; (6) intrusion as invasion of privacy; and (7) intentional, or alternatively negligent, infliction of emotional distress. (Doc. 1.)

### III. DISCUSSION

#### A. Screening Requirement

In cases where the plaintiff is proceeding in forma pauperis, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

#### B. Legal Standard

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

3

(quoting *Twombly*, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Twombly*, 550 U.S. at 555).

**C.     Plaintiff's Underlying Factual Allegations are Unclear and Require Amendment**

The events surrounding the allegations in Plaintiff's complaint are unclear.  Plaintiff does not allege the date when the police officers searched his home.  Plaintiff does not clearly allege that the location searched was in fact his residence.  Plaintiff does not indicate whether he was present at the time the search took place.  Plaintiff fails to clearly allege any events or actions that took place as a result of the search and fails to allege any damages related to the purportedly improper search. While Plaintiff alludes to court proceedings, Plaintiff does not allege the nature of these proceedings, whether they were criminal or civil proceedings, in what court the proceedings took place, when the proceedings took place, and how the proceedings were related to Plaintiff.

The only information that can be clearly gleaned from Plaintiff's complaint is that (1) the Khinoo home was searched on an unspecified date; (2) the officers were purportedly looking for probationer Fonseca, whom the officers claimed lived at the Khinoo residence although they allegedly should have known that Fonseca did not live there; (3) there is a dispute as to whether Plaintiff's daughter Shelby consented to the search, and (4) the officers allegedly searched the Khinoo residence, including Plaintiff's bedroom, without a search warrant, thus invading Plaintiff's privacy.  The Court cannot make any additional determination regarding events that occurred as a result of the allegedly improper search or subsequent court proceedings; such determination would be pure conjecture as Plaintiff fails to provide clear allegations.

Before the Court can determine the viability of Plaintiff's claims, Plaintiff must first clearly allege the factual basis upon which his claims are made.  As such, Plaintiff must amend his complaint and clearly set forth when the events occurred, who was involved, where Plaintiff was, what happened before, during, and after the search, what consequences or damages occurred as a result of the search, and what court proceedings plaintiff is referencing.

**D. Allegations Concerning Defendants' Liability Require Amendment**

    **1. Plaintiff Fails to Indicate Which Claims are Alleged Against Which Defendants**

Plaintiff alleges seven causes of action against eight defendants. However, none of the causes of action relate to any specific defendant, nor are they alleged against all defendants. Plaintiff's complaint requires amendment so as to clearly set forth the specific claims against each of the defendants.

    **2. Plaintiff's Claims Do Not Lie Against Defendants the Turlock Chief of Police or the Police Department for the City of Turlock**

Plaintiff has made no allegations against the Turlock Chief of Police. As such, the Chief of Police is not a viable defendant. Plaintiff's must amend his complaint to either remove the Chief of Police as a defendant or state a cognizable claim.

Further, as Plaintiff names the City of Turlock as a defendant, also naming the Police Department for the City of Turlock, a sub-unit of the municipality, is redundant. *See Abeytia v. Fresno Police Dep't,* No. 1:08-cv-01528 OWW GSA, 2009 WL 1674568, at *9 (E.D. Cal. June 12, 2009) ("Naming the [Fresno Police Department], which is a department of the City, as a defendant is redundant to naming the City of Fresno as a defendant.").

While Section 1983 is not itself a source of substantive rights, it provides a cause of action against any *person* who, under color of law, deprives an individual of federal constitutional rights or limited federal statutory rights. 42 U.S.C. § 1983; *Grahm v. Connor*, 490 U.S. 386, 393-94 (1989). The term "persons" encompasses state and local officials sued in their individual capacities, private individuals, and entities which act under the color of state law and local governmental entities. *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996). However, municipal *departments* and *sub-units* of local governments and are not generally considered "persons" within the meaning of Section 1983. *See United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (noting that municipal police departments and bureaus are generally not considered "persons" within the meaning of Section1983); *Vance*, 928 F. Supp. at 995-96 (dismissing *sua sponte* Santa Clara Department of Corrections as improper defendant); *Jewett v. City of Sacramento Fire Dep't*, No. CIV. 2:10-556 WBS KJN, 2010 WL 3212774, at *2

(E.D. Aug. 12, 2010) (finding fire department not a "person" under Section 1983 and dismissing suit against it); *Wade v. Fresno Police Dep't*, No. Civ. 09-0588 AWI DLB, 2010 WL 2353525, at *4 (E.D. Cal. June 9, 2010) (finding police department is not a "person" under Section 1983); *Morris v. State Bar of Cal.*, No. Civ. 09-0026 LJO GSA, 2010 WL 966423, at *3 (E.D. Cal. Mar. 11, 2010) (finding that a fire department is a municipal department and therefore not a "person" under Section 1983); *Sanders v. Aranas*, No. 1:06-CV-1574 AWI SMS, 2008 WL 268972, at *3 (E.D. Cal. 2008) (finding Fresno Police Department improper defendant because it is a sub-division of the City of Fresno); *Brockmeier v. Solano Cnty. Sheriff's Dep't*, No. Civ-S-05-2090 MCE EFB PS, 2006 WL 3760276, at *4 (E.D. Cal. 2006) (dismissing Sheriff's Department as an improperly named defendant for purposes of Section 1983).

Therefore, the City of Turlock Police Department is not a proper defendant. If Plaintiff restates a claim against the City of Turlock Police Department, the Court will recommend dismissal with prejudice as to that defendant for the reasons stated above.

### 3. Claims Against Police Officers Are Not Sufficiently Pled

Plaintiff names Officers Redd, Rodriguez, Powell, Diaz, and Bawcum as defendants. Officers Powell, Diaz, and Bawcum are mentioned in passing, but no specific facts or allegations are asserted against them. (Doc. 1, ¶ 17.) Further, since Plaintiff fails to allege any specific claims against any specific defendants, it is unclear what causes of action are pled against Officer Redd. Plaintiff must amend the complaint to clearly plead facts, allegations, and claims against all named defendants.

### 4. Plaintiff's Complaint Fails to Allege Specific Policies or Customs Implemented by the City of Turlock

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, municipalities are liable only if they have implemented a policy or custom that directly results in Plaintiff's injury. *Id.* at 690.

A policy can be implemented in two ways. First, it can be officially approved by the municipality's governing body. *Id.* Second, even when the policy has not been formally adopted,

a policy will be found to exist where a custom results in an unconstitutional deprivation of rights. *Id.* at 690-91. A custom is a "widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law." *Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (internal quotation marks omitted)).

Plaintiff alleges a claim against unspecified defendants for negligent supervision, training, and control and "custom and practice." (Doc. 1, ¶ 19.) Plaintiff states that the City of Turlock had "[i]nadequate training," "lax or nonexistent supervision," and "ineffective control over its peace officers." (Doc. 1, ¶ 19.) Plaintiff's allegations are vague. Although Plaintiff asserts that the officers committed actions that are "symbolic" of the City of Turlock's custom and practice, Plaintiff has not identified any such official policy or custom of the City of Turlock. Plaintiff therefore fails to state a claim against the City of Turlock for negligent supervision, training, and control. (Doc. 1, ¶ 19.)

**E.    Plaintiff's Causes of Action are Unclear and Require Amendment**

Due to the Plaintiff's failure to plead the necessary facts to support his claims, the Court cannot determine the viability of Plaintiff's alleged claims. The Court notes, however, that there are several causes of action in which Plaintiff merely states the definition or elements of the claim but fails to set forth any facts to support the claim. (*See*, *e.g.*, Doc. 1, ¶¶ 19, 22-24, 25-28, 38, 47, 58-59.) As noted above, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at __, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Id.* (quotation marks omitted).

In sum, Plaintiff does not satisfy the pleading requirements by merely alleging the elements of the claims and legal conclusions; instead, Plaintiff must allege facts to support such elements and conclusions.

**F.     Amended Complaint Must Be Complete in Itself Without Reference to Any Prior Pleading.**

Plaintiff will be given an opportunity to amend the deficiencies of the complaint as outlined above. Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice.

### IV.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND; and

2. Plaintiff SHALL file an amended complaint within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **January 25, 2012**          /s/ Sheila K. Oberto
                                  UNITED STATES MAGISTRATE JUDGE

8