# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD KHINOO, | CASE NO. 1:11-cv-01322-LJO-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED** |
| v. | |
| CITY OF TURLOCK, et al., | |
| Defendants. | **OBJECTIONS DUE: 20 DAYS** |

## I. INTRODUCTION

On August 11, 2011, Plaintiff Donald Khinoo ("Plaintiff") filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants City of Turlock, the Turlock Chief of Police, Officer Timothy Redd, Officer J. Rodriguez, Officer John Powell, Officer Mariah Diaz, Officer J. Baweurn, and the Police Department for the City of Turlock (collectively, "Defendants") alleging generally that Defendants unlawfully searched Plaintiff's home. (Doc. 1.) On January 25, 2012, the Court issued an order dismissing Plaintiff's complaint and allowing him 30 days to file an amended complaint. (Doc. 5.) Plaintiff did not file an amended complaint.

For the reasons set forth below, the Court RECOMMENDS that Plaintiff's claim be dismissed pursuant to Local Rule 110, for Plaintiff's failure to obey the Court's Order of January 25, 2012.

## II. DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiff to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *see also Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53. "These factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

Here, the Court finds that dismissal of Plaintiff's complaint is appropriate. In considering the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal."

*Pagtalunan*, 291 F.3d at 642 (citation omitted). Given Plaintiff's failure to file an amended complaint, the first factor weighs in favor of dismissing the action.

The second factor, the court's need to manage its docket, also weighs in favor of dismissal. "The court cannot manage its docket if it maintains cases in which a plaintiff fails to litigate his case. The court's limited resources must be spent on cases in which the litigants are actually proceeding." *Lopez v. Washington Mut. Bank, F.A.,* No. 1:09-CV-1838 AWI JLT, 2010 WL 2629039, at *1 (E.D. Cal. Jun. 25, 2010).

As for the third factor, the risk of prejudice, the fact that a lawsuit is pending against defendants who have not yet been ordered to respond "is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642; *Yourish v. Cal. Amplifier*, 191 F.3d 983, 991. However, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 642. As such, any risk of prejudice to Defendants also weighs in favor of dismissal.

The fourth factor of public policy favoring disposition on the merits normally weighs against dismissal. *Id*. at 643. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits. Thus, [the Ninth Circuit has] also recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA,* 460 F.3d at 1228 (citation omitted). As such, this factor has little weight in cases such as this where the plaintiff essentially appears to be unable or unwilling to proceed with the action. *See id.; Lopez*, 2010 WL 2629039, at *2.

Concerning the fifth factor, the availability of lesser sanctions, "[t]he district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *In re PPA*, 460 F.3d at 1228. The court must consider the "feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate," whether there was an "alternative methods of sanctioning or curing the malfeasance before ordering dismissal," and whether "the court warn[ed] the plaintiff of the possibility of dismissal before actually ordering dismissal." *Id*. at 1229 (citations omitted). Here, Plaintiff was expressly warned

that dismissal would result from his noncompliance with the Court's order. The Court's January 25, 2012, order stated that "[i]f Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified . . ., the Court will recommend that the complaint be dismissed with prejudice." (Doc. 5, 8:8-10.) Further, because Plaintiff is proceeding pro se and *in forma pauperis*, monetary sanctions are not a viable alternative. As such, under the circumstances present in the case, there is no alternative to dismissal.

### III.   CONCLUSION AND RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the Complaint be DISMISSED pursuant to Local Rule 110, for Plaintiff's failure to obey the Court's Order of January 25, 2012.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty (20) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 11, 2012**                   /s/ Sheila K. Oberto
                                                              UNITED STATES MAGISTRATE JUDGE